# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEMETRIUS BAILEY, | ) |
|           Petitioner, | ) Civil Action No. 01 – 5 ) ) District Judge David S. Cercone |
| v. | ) Magistrate Judge Lisa Pupo Lenihan ) |
| CONNER BLAINE, *et al*., | ) ) |
|           Respondents. | ) ) |

## MEMORANDUM ORDER

Currently pending before the Court is a Motion for Relief from Judgment filed by Petitioner pursuant to Federal Rule of Civil Procedure 60(b)(6) ("Rule 60(b)"). (ECF Nos. 58 & 59.) On February 28, 2020, Magistrate Judge Lisa Pupo Lenihan entered a Report and Recommendation ("R&R") wherein she recommended that Petitioner's Rule 60(b) Motion be denied and that a Certificate of Appealability also be denied. (ECF No. 63.) Petitioner was served with the R&R and filed timely Objections thereto on March 10, 2020. (ECF No. 64.)

When a party objects to an R&R, the district court must review *de novo* those portions of the R&R to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Fed. R. Civ. P. 72(b). However, to obtain *de novo* review, a party must clearly and specifically identify those portions of the R&R to which it objects. Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984). The district court may accept, reject or modify, in whole or in part, the findings and recommendations made by the magistrate judge. Raddatz, 447 U.S. at 673-74.

Petitioner does not identify any specific portion of the R&R to which he objects. Instead, he argues that the Magistrate Judge was incorrect in stating that he filed his petition for

1

allowance of appeal *nunc pro tunc* in the Pennsylvania Supreme Court on February 10, 2000 because the petition is "time-stamped" November 2, 1999. While it is true that Petitioner *signed and dated* the petition November 2, 1999, the petition itself was not filed with the Pennsylvania Supreme Court until February 10, 2000, and Petitioner has not submitted any evidence indicating that it was postmarked at or around the time it is dated. Nevertheless, whether or not Petitioner filed said petition on November 2, 1999 or February 10, 2000 is immaterial to the Magistrate Judge's assessment of his Rule 60(b) Motion because as she stated in her R&R, even if the Court were to grant Petitioner equitable tolling from October 17, 1999 (the final day he had to file a timely petition for allowance of appeal in the Pennsylvania Supreme Court following the Superior Court's order affirming the denial of his first PCRA petition on September 17, 1999) to June 15, 2000 (the day the Pennsylvania Supreme Court denied his petition for allowance of appeal *nunc pro tunc*), his federal habeas petition would still have been untimely filed. Accordingly, this objection is overruled.

Additionally, Petitioner sets forth in his Objections two arguments that do not relate to any finding made by the Magistrate Judge in the R&R. First, he argues that the procedural default of his claims should be excused due to the ineffectiveness of his PCRA counsel pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012), and second, he argues that this Court should simply presume prejudice and grant him relief because his PCRA counsel failed to file the petition for allowance of appeal. Not only are these arguments not proper objections to the R&R, but they are also incorrectly premised on the presumption that the claims in his petition were dismissed as procedurally defaulted and/or addressed on the merits, neither of which was the case. Instead, Petitioner's claims were dismissed as untimely and neither of these arguments are an appropriate

challenge to the Court's finding that his claims were time-barred. Accordingly, these objections are also overruled and the following Order is now entered.

**AND NOW**, this 16th day of March, 2020;

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 63) is adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) (ECF No. 58) and Supplement thereto (ECF No. 59) are **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court mark this case closed.

**AND IT IS FURTHER ORDERED** that pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, Petitioner has thirty (30) days to file a notice of appeal as provided by Rule 3 of the Federal Rules of Appellate Procedure.

By the Court:

s/ David S. Cercone
David S. Cercone
United States District Judge

Cc:  Demetrius Bailey
CP-7819
SCI Camp Hill
P.O. Box 8837
2500 Lisburn Road
Camp Hill, PA  17001