IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEMETRIUS BAILEY,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:01cv05 |
| | ) | **Electronic Filing** |
| **CONNER BLAINE, DISTRICT** | ) | |
| **ATTORNEY OF THE COUNTY OF** | ) | |
| **ALLEGHENY, ATTORNEY GENERAL** | ) | |
| **OF THE STATE OF PENNSYLVANIA,** | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

May 6, 2022

Pending before the Court is a Motion for Relief from Judgment filed by Petitioner pursuant to Federal Rule of Civil Procedure 60(d)(1).  (ECF No. 77.)  On April 18, 2022, the Magistrate Judge issued a Report and Recommendation ("R&R") wherein she recommended that the motion be dismissed for lack of jurisdiction as an unauthorized second or successive petition for writ of habeas corpus or, in the alternative, be denied on the merits should the Court not construe it as an unauthorized second or successive petition.  (ECF No. 78.)  Petitioner filed timely objections that were docketed on May 4, 2022.  (ECF No. 79.)

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must now make a *de novo* determination of those portions of the R&R to which objections were made.  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The Court may also recommit the matter to the magistrate judge with instructions.

Petitioner's primary argument in his objections is that he is entitled to relief pursuant to McQuiggin v. Perkins, 569 U.S. 383 (2013), an argument that he did not specifically advance in his Rule 60(d)(1) motion.  He argues that the affidavit by Lamont Underwood ("Mr. Underwood") that was attached to his motion demonstrates his actual innocence and that

pursuant to McQuiggin the Court must consider the merits of the claims in his habeas petition that it previously found to be time-barred.

In McQuiggin, the United States Supreme Court held that a showing of actual innocence provides an equitable exception to AEDPA's statute of limitations. Id. at 392. In Satterfield v. District Attorney of Philadelphia, 872 F.3d 152 (3d Cir. 2017), the Third Circuit Court of Appeals said that "if a petitioner can make a showing of actual innocence, McQuiggin's change in law is almost certainly an exceptional circumstance" entitling a petitioner to relief under Rule 60(b)(6). Id. at 163. Even though Petitioner's motion was brought under Rule 60(d)(1), and not Rule 60(b)(6), and even though Petitioner did not present this exact argument in his motion, the Court will nevertheless consider whether Mr. Underwood's affidavit sufficiently demonstrates Petitioner's innocence such that relief would serve as a gateway past the procedural barrier of his having untimely filed his habeas petition, thus allowing the petition to be considered.

In Schlup v. Delo, 513 U.S. 298 (1995), the Supreme Court established the analytical framework for addressing whether a petitioner has sufficiently demonstrated his actual innocence. Specifically, the Supreme Court stated in Schlup that a sufficient showing of actual innocence requires that (1) the petitioner present "new reliable evidence" of actual innocence,[1] id. at 324, that (2) must "persuade[] the district court that . . . no juror, acting reasonably, would have voted to find [the petitioner] guilty beyond a reasonable doubt." Id. at 329. If a petitioner meets that standard, relief under Rule 60(b)(6) is warranted, and the habeas petition can be considered on the merits.

---

[1] "In this context, actual innocence refers to factual innocence, not legal insufficiency." Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018). The analysis is thus "not limited to the existing record[,]" and consideration of "any admissible evidence" is proper. Bousley v. United States, 523 U.S. 614, 624 (1998).

2

The first step requires the evidence to be both "new" and "reliable." In Reeves, the Third Circuit explained that, "[a]s part of the reliability assessment of the first step [of the analysis under Schlup], the [district] court may consider how the timing of the petitioner's submission and the likely credibility of the witnesses bear on the probable reliability of that evidence, as well as the circumstances surrounding the evidence and any supporting corroboration." 897 F.3d at 161 (internal quotation marks and alterations omitted). In evaluating the second step, whether it is more likely than not no reasonable juror would convict the petitioner, the Third Circuit noted that "the court 'must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under the rules of admissibility that would govern at trial.'" Id. (quoting House v. Bell, 547 U.S. 518, 538 (2006)). While "mere impeachment evidence is generally not sufficient to satisfy the [actual innocence gateway] standard[,]" Munchinski v. Wilson, 694 F.3d 308, 338 (3d Cir. 2012), "new, reliable evidence that 'undermine[s] the [trial] evidence pointing to the identity of the [perpetrator] and the motive for the [crime]' can suffice to show actual innocence." Reeves, 897 F.3d at 161 (quoting Goldblum v. Klem, 510 F.3d 204, 233 (3d Cir. 2007)).

Here, the affidavit that Petitioner has submitted from Mr. Underwood is dated November 18, 2021, almost 27 years after a jury convicted Petitioner of second-degree murder in the shooting death of Michael Sayles. According to Mr. Underwood, he was with Petitioner the morning of the murder and never saw Petitioner "pull a gun or shoot the victim". He also states that he witnessed Petitioner "go to his mother's apartment for the night" and saw an individual who was "dressed similar" to Petitioner outside. He states that he was willing to testify but that he was not called to do so by either the prosecutor or Petitioner's defense attorney, and further states that the police never contacted him due to his "own legal problems." (ECF No. 77, p.5.)

3

This is not the first time that Petitioner has presented an affidavit from Mr. Underwood in support of his claim of innocence. Specifically, Petitioner presented another affidavit[2] by Mr. Underwood in support of at least two previous applications before the Third Circuit, both of which were unsuccessful. *See* In re: Demetrius Bailey, No. 08-3013 (3d Cir.) (Doc. 00311959078, pp.18-19, filed 7/9/2008); In Re: Bailey, No. 09-2206 (3d Cir.) (Doc. 00319580118, pp.82-83, filed 4/29/2009). In that affidavit, Mr. Underwood stated that he witnessed Petitioner going into his mother's apartment around 4 or 4:30 a.m., and shortly thereafter observed Petitioner sleeping on his mother's couch when he stopped by to get a cigarette from Petitioner's mother. He stated that "minutes" after he left the residence, he heard a single gunshot and then observed the victim on the ground "from a distance." He also observed "an individual present putting objects in a paper bag" and "then flee[] behind building number 11."

Putting aside the question of whether Mr. Underwood's affidavit qualifies as "new" or "reliable" evidence, and the Court has serious doubts that it does, it certainly does not undermine the trial evidence that pointed to Petitioner as the perpetrator. Specifically, Mr. Underwood did not witness the shooting, nor was Mr. Underwood with Petitioner at the exact time the shooting occurred. At best, Mr. Underwood's affidavits[3] place him with Petitioner at Petitioner's mother's house "minutes" before the shooting occurred, and, according to the record, the shooting occurred right outside the building where Petitioner's mother's residence was located. While Mr. Underwood admits to seeing an individual who was not Petitioner go through the

---

[2] While this previous affidavit is not dated, it appears to have been written sometime in 2005.

[3] Due to significant grammatical errors within Mr. Underwood's most recent affidavit that makes it somewhat difficult to follow, it is helpful to read both affidavits together to understand what Mr. Underwood states that he witnessed.

4

victim's belongings following the shooting and then flee, he also admits that he viewed this happen "at a distance." Therefore, Mr. Underwood's testimony would not have excluded Petitioner as the perpetrator of the crime, and when considering the other evidence presented at Petitioner's trial, which included at least three individuals who saw various stages of the murder and robbery and who identified Petitioner as the perpetrator, Mr. Underwood's affidavit does not cast significant doubt on Petitioner's conviction such that this Court can say that no juror acting reasonably would have voted to convict Petitioner had Mr. Underwood testified at Petitioner's trial. The Court thus finds that Petitioner has not made a sufficient showing of actual innocence in order to gain relief, whether under Rule 60(d) or 60(b).

Finally, it is noted that Petitioner's motion appears to advance at least some claims that once again challenge his underlying conviction and not the manner in which his habeas petition was procured. To the extent that it does so, the R&R accurately characterized the motion as a second or successive habeas petition that Petitioner did not have authorization to file, and it will be dismissed for lack of jurisdiction. And, even if it were evaluated under the standards governing Rule 60(d) motions, Petitioner has not shown extraordinary circumstances or that a grave miscarriage of justice would result if relief was not granted. *See* United States v. Beggerly, 524 U.S. 38, 47 (1998) (stating that "an independent action should be available only to prevent a grave miscarriage of justice.") Accordingly, the following Order is now entered.

AND NOW this 6th day of May, 2022,

IT IS HEREBY ORDERED that the Report and Recommendation dated April 18, 2022 (ECF No. 78) is adopted as the Opinion of the Court as supplemented herein.

IT IS FURTHER ORDERED that Petitioner's Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(d)(1) is **DENIED** to the extent Petitioner is challenging this Court's previous resolution of his petition as time-barred, specifically, his

argument that he is actually innocent, and, therefore, pursuant to McQuiggin, this Court should review his habeas claims on the merits. The motion is also **DISMISSED** for lack of jurisdiction as an unauthorized second or successive petition for writ of habeas corpus insofar as it challenges his underlying conviction and not the manner in which his habeas petition was procured.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**

s/ DAVID STEWART CERCONE
David Stewart Cercone
Senior United States District Judge

cc: Demetrius Bailey
CP-7819
SCI Camp Hill
P.O. Box 8837
250 Lisburn Road
Camp Hill, PA 17001
(*Via First Class Mail*)

Counsel of record
(*Via CM/ECF Electronic Mail*)